**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FRANCISCO JAVIER LOPEZ-NAFATE, AKA Francisco Lopez-Cervantes,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.  19-71545

Agency No. A088-384-212

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2021[**]
Pasadena, California

Before:  PAEZ and VANDYKE, Circuit Judges, and GLEASON,[***] District Judge.

Petitioner Francisco Lopez-Nafate ("Petitioner") seeks review of the denial of

his motion to continue and his motion to remand.  We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

8 U.S.C. § 1252, and we deny the petition.[1]

First, the agency did not abuse its discretion in denying Petitioner's motion to continue. *See Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (recognizing that the denial of a motion for continuance is reviewed for abuse of discretion). The Immigration Judge (IJ)'s finding that there was not good cause to continue Petitioner's case was not arbitrary, irrational, or contrary to law. *See* 8 C.F.R. § 1003.29; *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011). Petitioner had seven months to file any applications for relief. The IJ clearly informed him of the deadline to file all relief application packets, and specifically warned him that failure to timely file relief applications would constitute abandonment. DHS opposed the request for a continuance, which would have been the fourth continuance provided to Petitioner, and Petitioner did not provide any persuasive reasons for his failure to timely seek relief. *Cf. Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019).

Nor did the BIA abuse its discretion in denying Petitioner's request to remand. *See Taggar*, 736 F.3d at 889. A motion to remand must include an appropriate application for relief and demonstrate prima facie eligibility for relief. *See* 8 U.S.C. § 1229b(b); 8 C.F.R. § 1003.2(c)(1); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). Because Petitioner failed to comply with these requirements, which

---

[1] The parties are familiar with the facts, so we do not repeat them here.

he does not dispute, the BIA's denial of his motion was not arbitrary, irrational, or contrary to law. *See Avagyan*, 646 F.3d at 678.[2]

**PETITION DENIED.**

---

[2] Because the BIA denied Petitioner's request to remand based on his failure to comply with the requirements for such a motion, we do not address Petitioner's eligibility for cancellation of removal under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").